**UNITED STATES of America,**

v.

**Carlos DURRDER a/k/a Pedro Jiminez.**

**No. 01–1310.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR
34.1(a) April 19, 2002.

Filed June 26, 2002.

Before NYGAARD, AMBRO, and KRAVITCH,* Circuit Judges.

OPINION OF THE COURT

NYGAARD, Circuit Judge.

This is an appeal from a criminal conviction and sentence.

### I.

Because the facts in this case are well known to the parties and to the court, we will limit our discussion to the resolution of the issues presented. A 23–count indictment was returned by a grand jury in the Eastern District of Pennsylvania charging Jiminez and seven other individuals with conspiring to distribute more than 1,000 grams of heroin, possession of heroin with intent to distribute, and other related charged. Following a jury trial, Jiminez was convicted on all counts and was sentenced to 169 months imprisonment. Jiminez filed a timely notice of appeal. We will affirm on most issues, but remand for the limited purpose of calculating the amount of drugs attributable to appellant, and for resentencing thereon.

### II.

Jiminez argues that there was insufficient evidence to convict him. First, he argues that the evidence was insufficient to support his conviction of conspiracy. Second, he challenges that sufficiency of the evidence supporting the jury's determination that he was a member of a conspiracy involved with more than a kilogram of heroin. In reviewing a guilty verdict for sufficiently of the evidence, we must affirm the conviction if, viewing the evidence in the light most favorable to the Government, any rational jury could find beyond a reasonable doubt that the Government proved all the elements of the offense. *See United States v. Pressler*, 256 F.3d 144, 149 (3d Cir.2001).

Jiminez argues that the Government did not prove the existence of any drug conspiracy and that, as a result, our analysis should be governed by *United States v. Pressler* rather than by *United States v. Gibbs*, 190 F.3d 188 (3d Cir.1999). Because, when viewing the evidence in the light most favorable to the Government, we conclude that the Government did provide sufficient evidence to prove the existence of a larger conspiracy, we will evaluate whether Jiminez was a member of this conspiracy under *Gibbs*.

In *Gibbs* we held that the essential elements of a conspiracy charge are: (1) a unity of purpose between the alleged conspirators; (2) an intent to achieve a common goal; and (3) an agreement to work together toward that goal. *Id.* at 197. As we said in *Pressler*, "the final factor—an agreement between the defendant and some other person—is the essence of the offense." *Id.* at 147. The Government presented sufficient evidence to satisfy each of these elements.

For example, the jury was presented with evidence that co-defendants Francisco and Felix Sanchez ran a heroin distribution organization; that co-defendants Duran–Mariano and Peralta–Victorio sold heroin for the Sanchez brothers; that Duran–Mariano and Peralta–Victorio also bought heroin from Jiminez, received heroin from Jiminez on credit, and that they

---

* Honorable Phyllis A. Kravitch, Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation.

received commissions from Jiminez on heroin sales. Finally, the jury heard evidence that Duran–Mariano negotiated a deal to sell a half kilogram of Jiminez's heroin to a confidential informant. This evidence clearly suggests an agreement between Jiminez and various co-defendants to achieve a common goal and, when viewed in the light most favorable to the government, was sufficient for a rational jury to have found a conspiracy to distribute heroin beyond a reasonable doubt. We will affirm.

Second, because Jiminez's sentence of 169 months incarceration is less than the statutory maximum of 240 months incarceration under 21 U.S.C. § 841(b)(1)(C), which applies to any heroin offense, *Apprendi* is not implicated.

Third, Jimenez maintains that the District Court improperly admitted evidence that a co-conspirator negotiated to sell half a kilogram of heroin and that the Appellant distributed this heroin to other co-defendants. We disagree. The District Court properly charged the jury that evidence of a co-conspirator's participation in acts which furthered the conspiracy may be considered by the jury whenever it has been established that a conspiracy existed and that the defendant was one of its members. Furthermore, this evidence is direct proof of the conspiracy and, as such, cannot be barred by FED.R.EVID. 404(b).

Fourth, Appellant's ineffective assistance of counsel claims are premature and not generally reviewable on direct appeal. *See e.g. United States v. Haywood*, 155 F.3d 674 (3d Cir.1998).

Finally, The Appellant argues and the Government agrees, that we should remand to the District Court for it to hear evidence and to find the specific drug quantity attributable to the Appellant. At the sentencing hearing, the District Court relied upon the jury's determination that Jimenez was a member of a conspiracy that distributed or intended to distribute more than 1,000 grams of heroin. However, the presentence report did not recommend a specific amount and the Government did not present any evidence of a larger or smaller amount than which the jury determined attributable to the Appellant. The District Court did not make a "searching and individualized inquiry" in order to ascertain the drug quantity properly attributable to Jiminez as is required under *United States v. Collado*, 975 F.2d 985, 995 (3d Cir.1992).

Therefore, we will vacate the sentence and remand the matter to the District Court for the limited purpose of hearing evidence to determine the weight of heroin properly attributable to the Appellant.

C

CONCLUSION

In sum and for the foregoing reasons, we will affirm Pedro Jiminez's conviction but remand the matter for further sentencing proceedings consistent with this opinion.